FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

**SEP 2 8 2010**

Stephan Harris, Clerk
Casper

# United States District Court
———————————— For The District of Wyoming ————————————

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 10-cr-18 — D |
| | ) |
| MARK ALLEN WAY, | ) |
| | ) |
| Defendant(s). | ) |

## Order Granting Conditional Release of Mark Allen Way

This matter comes before the Court on Probation Officer Eddie Lobatos's
proposed conditional release plan for Mark Allen Way.

Mr. Way was charged with failing to register as a sex offender in violation of 18
U.S.C. § 2250(a). On January 22, 2010 the Court ordered that Mr. Way be transferred
to the Federal Medical Center in Butner, North Carolina, where it would be determined if
he was competent to stand trial. Dr. Ralph Newman ultimately concluded that while Mr.
Way was competent, he suffered from a severe mental disease at the time he failed to
register as a sex offender and that the disease impaired his ability to appreciate the
nature, quality, or wrongfulness of his actions. Based on this report the Court on May
17, 2010, concluded that Mr. Way was not guilty for failing to register as a sex offender
by reason of severe mental defect. The Court ordered a second evaluation to
determine Mr. Way proposed a danger to himself or others if released.

Mr. Way was subsequently found eligible for conditional release.  On September 14, 2010, the Court ordered the United States Probation Office to prepare and propose a conditional release plan.  Mr. Way would be released to the Probation Office on the Court's approval of that plan.

The Court received the Probation Office's proposal on September 27, 2010 and approved it on September 28, 2010.  The Court has adopted the Recommended Conditions found in the Probation Office's Report of Conditional Release Plan.  These conditions are set forth below.  The Court hereby ORDERS that Mark Allen Way be released to the COMEA Shelter in Cheyenne, Wyoming, under the supervision of the United States Probation Office and under the following conditions:

1.   Mr. Way shall maintain active participation in a regimen of outpatient mental health care deemed appropriate by the U.S. Probation Officer. Any non-compliance with his treatment regimen shall be reported to the supervising U.S. Probation Officer immediately.

2.   Mr. Way shall continue to take such medications, including injectable units, as prescribed by the medical/mental health treatment provider. Any non-compliance with his treatment regimen shall be immediately reported to the supervising U.S. Probation Officer.

3.   Mr. Way shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the

-2-

consumer is alcoholic beverages or where controlled substances are illegally sold, used, distributed, or administered.

4.   Mr. Way shall refrain from the use of alcohol and illegal possession/use of drugs, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that Mr. Way shall submit to alcohol/drug aftercare treatment, on an outpatient or inpatient basis, if directed by the U.S. Probation Office. Mr. Way shall abide by the rules of any program and shall remain in treatment until satisfactorily discharge with the approval of the U.S. Probation Office. shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that Mr. Way shall submit to alcohol/drug aftercare treatment, on an outpatient or inpatient basis, if directed by the U.S. Probation Office. Mr. Way shall abide by the rules of any program and shall remain in treatment until satisfactorily discharge with the approval of the U.S. Probation Office.

5.   By accepting release pursuant to this Order, Mr. Way waives his right to confidentiality regarding his mental health treatment to allow unrestricted sharing of information with his supervising U.S. Probation Officer who will assist in evaluating his ongoing appropriateness for community placement.

6.   Mr. Way shall not have in his possession at any time real or imitation firearms, destructive devices or other deadly weapons. He shall submit to warrantless search on request of his probation officer or any law enforcement officer of his

-3-

property for the purpose of determining compliance with this order.

7.      Mr. Way shall not commit a federal, state, or local crime, and must immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer. He shall not associate with any person convicted of a felony unless granted to do so from his U.S. Probation Officer.

8.      If Mr. Way is unable to establish adequate housing in the community, Mr. Way shall reside for a period of six months in a community corrections center, halfway house or similar residential facility and shall observe all the rules of that facility. Mr. Way must have prior approval from his supervising U.S. Probation Officer of any change in residence.

9.      Upon the recommendation of the medical provider or probation officer, Mr. Way shall voluntarily admit himself into a hospital for treatment.  If he refuses, involuntary procedures should be implemented and he should be hospitalized forthwith including State civil commitment if required.  A local or state hospital shall be utilized if possible.  If local or state facilities are unable to ensure the safety of others, the probation officer shall contact the Court for further instruction and possible designation or return to federal custody (preferably FMC Butner, North Carolina).

10.    Mr. Way must register as a sex offender. Failure to register will be deemed a material violation of release.

11.   Mr. Way shall comply with the standard conditions of supervision as adopted by the District of Wyoming.

12.   Mr. Way's failure to adhere to any of these conditions may result in him being located, taken into custody, and subsequently reviewed by the Court regarding his suitability for continued release to the community.

13.   The Probation Office will provide a detailed progress report to the Court within six months of this order.

It is so ORDERED.

DATED this _____ day of September, 2010.

Chief United States District Judge